UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEREK LASHAUN CHEATHAM,<br><br>Defendant. | Crim. Action No. TDC-17-0006 |

**MEMORANDUM ORDER**

Pending before the Court is Defendant Derek Cheatham's self-represented Emergency Motion for Compassionate Release. ECF No. 578. On March 19, 2018, the Court sentenced Cheatham to 60 months of imprisonment on his conviction for conspiracy to distribute and possess with intent to distribute 500 g or more of cocaine, in violation of 21 U.S.C. § 846. Cheatham is presently designated to the Federal Correctional Institution-Morgantown ("FCI-Morgantown") in Morgantown, West Virginia. Cheatham, with good time credits, has served approximately 30 months of this sentence and is presently scheduled to be released on June 13, 2022.

In his Motion, Cheatham seeks a reduction of his sentence under a statutory provision commonly referred to as the "compassionate release" provision because of the COVID-19 pandemic and the significant health risk that exposure to the coronavirus would pose to him in light of his current medical conditions. Although Cheatham has requested appointment of counsel for purposes of this Motion, the Court requested that the Office of the Federal Defender ("FDO") review Cheatham's Motion, and the FDO declined to enter an appearance on behalf of Cheatham. The Court finds that appointment of counsel would not impact the resolution of this Motion and therefore denies the request.

## DISCUSSION

Ordinarily, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c) (2018). This general rule is subject to certain exceptions, including the compassionate release provision, which allows the Bureau of Prisons ("BOP") to seek a modification of a prisoner's sentence. *See id.* § 3582(c)(1)(A). Under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), the compassionate release provision was modified to also allow prisoners to seek a sentencing reduction directly from the Court. The provision now provides, in relevant part, that:

> The court may not modify a term of imprisonment once it has been imposed except that:
>
> (1) in any case that—
>
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>         (i) extraordinary and compelling reasons warrant such a reduction;
>
> \* \* \*
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A). Based on documentation submitted by Cheatham, the Court finds that he has exhausted administrative remedies, so the Court may consider the merits of the Motion.

Cheatham, who is 40 years old, argues that the COVID-19 pandemic and his present medical conditions, specifically, his history of traumatic brain injury and hypertension, present

2

"extraordinary and compelling reasons" warranting a sentence reduction to time served, possibly with a period of home confinement as a condition of supervised release. 18 U.S.C. § 3582(c)(1)(A)(i). Generally, in the context of the COVID-19 pandemic, the Court finds that extraordinary and compelling reasons may exist when an inmate has a condition that places the inmate at high risk for death or serious illness from COVID-19, and the inmate is incarcerated within a prison in which there is imminent risk of contracting COVID-19. The pre-sentence investigation report ("PSR") confirms that Cheatham has had both traumatic brain injury following a car accident and has ongoing hypertension (high blood pressure). PSR ¶ 59, ECF No. 328. Traumatic brain injury, though a serious condition, is not identified by the United States Centers for Disease Control and Prevention ("CDC") as a condition that places an individual at a higher risk for death or serious illness from COVID-19. *See People with Certain Medical Conditions*, Ctrs. for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 6, 2020). The CDC, however, has identified hypertension, as a condition that "might" place an individual at "increased risk for severe illness from COVID-19." *Id.* Even assuming that Cheatham's hypertension is severe enough to place him at such increased risk, there is no evidence of any cases of COVID-19 among inmates at FCI-Morgantown. *COVID-19: Coronavirus*, Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited Sept. 6, 2020). There have been two positive cases among correctional staff, both of whom have now fully recovered. *Id.* While the Court does not consider the actual presence of COVID-19 within a prison to be a necessary prerequisite for a finding that an inmate with a high-risk medical condition should be released based on extraordinary and compelling reasons, the fact that there are

3

no cases among inmates at FCI-Morgantown reduces the imminence of the risk to Cheatham. Considering these circumstances, the Court does not find that there are presently "extraordinary and compelling reasons" warranting a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i).

Even if such a finding were made, before granting a sentence reduction, the Court must also consider the factors in 18 U.S.C. § 3553(a) and consistency with "applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Although the relevant policy statement in the sentencing guidelines permits a reduction based only on meeting the broad category of "extraordinary and compelling reasons," U.S.S.G. § 1B1.13(1)(A) & app. note 1(D), it specifically requires consideration of whether the prisoner presents a danger to others or to the community, U.S.S.G. § 1B1.13(2).

Here, the nature and circumstances of this offense consisted of an extensive drug trafficking conspiracy, involving large quantities of cocaine and crack cocaine. Although Cheatham was not among the leaders of the conspiracy, in addition to engaging in extensive distribution of large quantities of cocaine, he also possessed a firearm to facilitate his drug dealing. PSR ¶¶ 9-15. The original sentence therefore was necessary to meet the purposes of sentencing to reflect the seriousness of the offense, promote respect for the law, provide just punishment, provide adequate deterrence, and protect the public from further crimes. 18 U.S.C. § 3553(a). In Cheatham's favor are the facts that he had only a minimal criminal history at the time of the offense of conviction, that he has expressed remorse, and that he appears to have engaged in meaningful rehabilitation during his period of imprisonment. Nevertheless, where there have been no cases of COVID-19 among inmates at the prison in which Cheatham is incarcerated, the nature and circumstances of the offense were serious, and Cheatham has presently served only half of the

4

original sentence, the Court concludes that a sentence reduction to time served pursuant to 18 U.S.C. § 3582(c)(1)(A) is not warranted at this time. The Motion will therefore be denied.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that Cheatham's Emergency Motion for Compassionate Release, ECF No. 578, is DENIED.

Date: September 10, 2020



THEODORE D. CHUANG
United States District Judge